UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA E. ANTIO,

    Plaintiff,

Case No. 18-cv-12496
Hon. Matthew F. Leitman

v.

STATE OF MICHIGAN, *et al.*,

    Defendants.

_____/

### ORDER (1) VACATING ORDER REFERRING PRE-TRIAL MATTERS TO MAGISTRATE JUDGE (ECF #9), (2) DISMISSING PETITION (ECF #1) WITHOUT PREJUDICE, (3) TERMINATING MOTIONS TO DISMISS (ECF ## 10, 12, 13, AND 14) AS MOOT, AND (4) DETERMINING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH

    On August 13, 2018, Plaintiff Melissa E. Antio filed this apparent civil-rights action against multiple Defendants, including the State of Michigan, the Social Security Administration, the Oakland County Circuit Court, and the Wayne County Friend of the Court. (*See* ECF #1.) Antio titled her action "Notice of Petition; and Verified Petition for Warrant of Removal and Retention." (*See id.* at Pg. ID 1.) While Antio claims that she is "removing" her action from state court, the Court construes her Petition as an original action. As the Plaintiff in this action, Antio cannot remove a case from state court. *See* 28 U.S.C. § 1446(a) (providing that "[a] defendant or defendants" may properly remove any civil action from state court).

1

At the same time that Antio filed this action, she also filed an application to proceed *in forma pauperis* (the "IFP Application"). (*See* ECF #2.) The Court granted that application on August 27, 2018. (*See* ECF #4.) The Court then referred all pre-trial matters to the assigned Magistrate Judge. (*See* ECF #9.)

The Court erred when it granted the IFP Application without conducting the required screening under 28 U.S.C. § 1915(e)(2). Pursuant to that provision, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The Court therefore **VACATES** the order of reference to the Magistrate Judge (ECF #9) and will now conduct the required screening under Section 1915(e)(2).

In order to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does not require "detailed" factual allegations. *Twombly*, 550 U.S. at 555. However,

it does require more than the bare assertion of legal conclusions or "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). And while the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint filed by such a plaintiff must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the *Iqbal* dismissal standard applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim).

Here, even when the Court liberally construes the allegations in the Petition, the Court concludes that Antio has failed to comply with Rule 8(a) and has failed to state a plausible claim for relief. Her Petition does not set forth "a short and plain statement" of her claims. It does not clearly identify what her precise claims are, nor does it attempt to plead facts that could satisfy the elements of those claims. Simply put, the Petition is difficult, if not impossible, to follow, includes several pages of single spaced legal authority without any explanation as to the relevance of

that authority (*see* ECF #1 at Pg. ID 29-36), and otherwise does not comply with the Federal Rules of Civil Procedure, this Court's Local Rules, or the pleading standards outlined in *Twombly* and *Iqbal*, *supra*. Moreover, the Petition does not put any of the Defendants on notice as to what claims Antio is bringing against them. For example, Antio has named at least 24 different entities and individuals as Defendants in this action, but the Petition does not specify which allegations pertain to which Defendants. Therefore, as currently pleaded, Antio has failed to state a claim upon which relief can be granted. The Court will therefore dismiss her Petition without prejudice. *See*, *e.g.*, *Foster v. Public Storage, Inc.*, 2014 WL 2154137, at *3 (May 22, 2014) (dismissing without prejudice *pro se* complaint pursuant to § 1915(e)(2) for failure to state a claim); *Gill v. Englehardt*, 2014 WL 1608698, at *3 (same).

Accordingly, for all of the reasons stated above, **IT IS HEREBY ORDERED** that:

- The Court's September 12, 2018, order referring all pre-trial orders to the Magistrate Judge (ECF #9) is **VACATED**;

- Antio's Petition (ECF #1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B);

- The Defendants' currently-pending motions to dismiss (ECF ## 10, 12, 13, and 14) are **TERMINATED AS MOOT**; and

- An appeal from this order would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962).

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: October 26, 2018

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764